**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT D. ETMAN and PTARMIGAN ETMAN,

     Plaintiffs,

  v.                                                                       1:17-CV-473

GREATER GRACE WORLD OUTREACH, INC,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Before the Court is Defendant's Motion to Dismiss, dkt. # 8. The parties have briefed the issues and the Court has determined to decide the matter without oral argument.

**I.     Background**

This case concerns injuries suffered by Plaintiff Scott Etman on May 1, 2017, at a "Spring Rally" hosted by Defendant Greater Grace World Outreach, Inc ("Greater Grace"), a Maryland Corporation. See Complaint, Dkt. #1.[1] Plaintiffs' Complaint alleges that Scott

---

[1] The Court has laid out the facts as alleged in the Plaintiffs' Complaint, as such alleged facts are those which the Court is to consider in deciding whether to grant the Defendant's motion. Plaintiffs' briefing alleges a number of additional facts not provided in the Complaint. These additional facts include the issue dispositive to this claim: the nature of the contract that Plaintiffs assert gives rise to a cause of action not barred by the statute of limitations. The Court has made use of those documents, which decide this case, in the interest of judicial efficiency. Plaintiffs are reminded, however, that the legal standard described below requires the Court to evaluate for legal sufficiency of the

(continued...)

1

Etman served as an Associate and Youth Pastor at Greater Grace Church in Malta, New York, and that the church in Malta "was and is a local, indigenous church affiliated" with Greater Grace. Id. at ¶ 5.

Plaintiffs allege that on May 4, 2013 Scott Etman was an attendant at the Spring Rally, an event sponsored by Greater Grace and conducted annually at Camp Canadensis, in Pennsylvania. Id. at ¶ 10. Etman was part of the adult supervision for a church youth group from his own congregation. Id. at ¶ 11. Etman participated in one of the activities at Camp Canadensis, a rock-climbing wall. Id. Etman fell 32 feet from that wall due to no fault, carelessness or negligence on his part. Id. at ¶ 12. He suffered injuries, including a T10 vertebral compression fracture and related soft tissue swelling. Id. at ¶ 13.

Plaintiffs' Complaint raises two counts. Count I alleges that "[a]s a contractual result of the duty of care responsibilities assumed by Defendant . . . all duty of care claims made by Plaintiff . . . are directly recoverable against Defendant." Id. at ¶ 17. Count II, raised by Plaintiff Ptarmigan Etman, Scott Etman's spouse, alleges loss of consortium as a result of Scott Etman's injuries. Id. at ¶ 20. Plaintiffs seek damages in excess of $500,000.

Upon being served with the Complaint, Defendant filed the instant motion to dismiss. Defendant argues that Plaintiffs' claims sound in tort, even though they are cast as contract claims, and that the statute of limitations has run, whether New York or Pennsylvania law applies. Plaintiffs responded, bringing the case to its present posture.

## II. LEGAL STANDARD

The Defendant has filed a motion to dismiss Plaintiffs' claims pursuant to Federal

---

[1](...continued)
Complaint, not the factual allegations made in the briefing opposing a motion to dismiss.

2

Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiffs have not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true. In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).[2]

### III.   ANALYSIS

Defendant offers several grounds for dismissing the Complaint. The Court will address them in turn, as appropriate.

#### A.   Applicable Statute of Limitations

This is a diversity action, with venue in New York. The cause of action arose in Pennsylvania. The parties argue that Pennsylvania substantive law applies to this case and New York's choice of law rules apply to determine the statute of limitations. The Court agrees. "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statute of limitations." Stuart v. American Cyanamid Co., 158 F.3d 622,626 (2d Cir.1998). "New York courts generally

---

[2]The Court notes that Plaintiffs cite to Pennsylvania law as the standard for deciding a motion to dismiss in federal court. Plaintiffs cite inapplicable law; the Court decides a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b) by using federal law.

3

apply New York's statutes of limitations, even where the injury giving rise to the action occurred outside of New York." Stuart, 158 F.3d 622 at 627. "This general rule, however, is subject to a traditional statutory exception, New York's borrowing statute, CPLR § 202." Id. "[A] cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." CPLR § 202. In other words, "New York courts will apply either the statute of the state where the cause of action accrued or the New York statute, whichever is shorter." Evans v. Hawker-Siddeley Aviation, Ltd., 482 F. Supp. 547,549 (S.D.N.Y. 1979). "If plaintiff's claim has expired under either statute, the claim is barred." Evans, 482 F. Supp. at 549.

In the end, deciding the question of which State's statute of limitations to apply in this case is immaterial. The incident giving rise to the cause of action occurred on May 4, 2013. Plaintiff filed his complaint with the court on May 2, 2017—a few days shy of four-years following the incident. Pennsylvania imposes a two-year statute of limitations on tort claims, 42 Pa. C.S. § 5524(2), and a four-year statute of limitations on contract claims. 42 Pa. C.S. § 5525(a). New York State uses a three-year statute of limitations on tort claims, CPLR § 214, and a six-year statute of limitations for breach of contract. CPLR § 213(2). In short, if this is a tort case, Plaintiffs filed their claim outside the statute of limitations in both Pennsylvania and New York. If Plaintiffs' claim is a contract action, then their Complaint is timely whether applying New York or Pennsylniai rules. The timeliness of Plaintiffs' claims thus turn on whether this matter is a tort action or a contract action.

  **B.**  **First Cause of Action**

Defendant argues that Plaintiffs' first claim, which Plaintiffs label a contract claim, fails to state a claim, and is in any case actually a tort claim. Plaintiffs respond that they seek to raise a contract claim based on Scott Etman's status as a third-party beneficiary of the underlying contract in this case.

Evaluated as a contract claim, Plaintiffs fail to allege facts sufficient to make their right to relief plausible.  In Pennsylvania, a contract claim has three elements: "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1271 (Pa. Super. 2002) (quoting Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. 2000)) (internal citations and quotations omitted).  Plaintiffs' Complaint alleges that their "damage claims arise under the terms, representations and indemnity provisions of a certain 'Lease Agreement' (the "Agreement") entered in by Defendant[.]" Complt. at ¶ 1.  That Agreement permitted Greater Grace "temporary use and occupancy of recreational facilities located in Pennsylvania" for the youth gathering.  Id.  The Complaint further alleges that Plaintiff Scott Etman "comprised part of an intended class of individuals to receive actionable relief from Defendant . . . in the event that he [suffered] an accident or injury" during the youth gathering.  Id. at ¶ 2.  The Complaint further alleges that Defendant is liable for Etman's injuries due to its assumption of a duty to Scott Etman and "indemnity shifting provisions made effective under the Agreement terms."  Id. at ¶ 15.

Making all inferences in Plaintiffs' favor, these allegations do not make plausible the existence of an agreement that would implicate the Defendant in any liability for Plaintiffs' injuries and thus constitute a contract claim.  Plaintiffs do not allege all the relevant terms of any contract in question.  They do not provide the Court with a copy of the contract that

5

allegedly benefits Etman. Only the documents attached to Defendant's brief provide a copy of this contract. See Exh. 1 to Defendant's Motion, dkt. # 8-2. "The law of this Commonwealth makes clear that a contract is created where there is mutual assent to the terms of a contract by the parties with the capacity to contract." Shovel Transfer & Storage v. Pa. Liquor Control Bd., 559 Pa. 56, 62-63 (Pa. 1999). The Complaint does not even identify the other party to the agreement that allegedly contains a provision making Defendant liable for any injuries suffered by third parties like the Plaintiff, though the Court likely could infer from the Complaint that the alleged contract was with Camp Canadensis. The Complaint fails to describe clearly the purpose of the underlying agreement, nor do the Plaintiffs point to any specific provisions that make Defendant liable to third parties like the Plaintiffs. The Plaintiffs' briefing argues that Plaintiff Scott Etman was an intended third-party beneficiary of the agreement and cites to the agreement, but the pleading does not allege sufficient facts to make that status plausible. Plaintiff's factual averments concerning the existence of a contract are mere statements of a legal theory of liability, and are therefore insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to make a claim plausible. Iqbal, 556 U.S. at 678. The Court could grant the motion to dismiss based on this defective pleading alone, but would likely allow Plaintiffs to re-plead the action and allege the existence of a contract.

  Even accepting the Plaintiffs' briefing, rather than their pleading, as an attempt to allege the facts sufficient to survive a motion to dismiss, the Court finds that Plaintiffs have not stated a valid contract claim. Plaintiffs' theory is that Scott Etman was a third-party beneficiary of the contract in question, a lease agreement between Defendant and Camp Canadensis. "To qualify as a third party beneficiary, (1) the recognition of the beneficiary's

right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary, or the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." Guy v. Liederbach, 459 A.2d 744,751 (Pa. 1983); RESTATEMENT (SECOND) OF CONTRACTS § 302.

Here, there is no dispute as to the validity of the Lease agreement. Therefore, the Court must focus on the second element of a breach of contract claim, because the Defendant asserts it had no obligations to Plaintiff under the Lease agreement. Case law indicates that "an intended beneficiary can recover for breach of contract even though the actual parties to the contract did not express an intent to benefit the third party." Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162,168 (3d Cir. 2010). Absent a showing that the Plaintiff is an intended third party beneficiary, however, Plaintiffs cannot recover under breach of contract theory. Pennsylvania Liquor Control Board v. Rapista, Inc., 371 A.2d 178 (Pa. 1976) (appellant's claim seeking recovery of third party's damages was dismissed because the third-party was not an intended beneficiary of the appellant). The phrase "appropriate to effectuate the intentions of the parties" serves as a "general condition [that] restricts the application of the second part of the test, which defines the intended beneficiary as either a creditor beneficiary or a donee beneficiary." Guy, 459 A.2d at 751.

The Court concludes the Lease agreement did not confer any benefit on the Plaintiff. The plain language of the Lease indicates the existence of an indemnification agreement between the Defendant and the Camp. The Lease provides that:

> It is agreed by the parties that Lessor shall not be responsible for any damage to individuals or personal property at the facility, and Group leader shall report all accidents or injuries promptly to the Lessor's manager. The Group accepts full

7

>responsibility for such injuries or damage, unless caused by the gross negligence of Lessor, its agents, servants or employees.

Lease Agreement, at ¶ 7. This language does not make Etman a third-party beneficiary of the lease agreement. Instead, the Agreement shifts any liability for acts of negligence from the Camp to the Defendant. In other words, if Etman sued the Camp and prevailed on a negligence claim, the Camp would have a cause of action for contribution against Defendant. Etman would receive no benefit from the Lease Agreement on such a claim. The Agreement simply explains who would be responsible for damages if Etman prevailed on a tort claim against either party to the Agreement.

Where there is no benefit to the Scott Etman, he cannot be designated as a third-party beneficiary because he is not an intended beneficiary. Therefore, Etman is an incidental beneficiary and is not entitled to recovery for breach of contract against either party to the agreement.[3] The motion to dismiss will be granted on this basis, but the Court will also consider the gist-of-the-action doctrine because dismissal on that basis implicates the statute of limitations and could be a dismissal without leave to re-plead.

Defendant also relies on the gist-of-the-action doctrine to seek dismissal of the contract claim as a tort claim mislabeled as a contract claim for the purpose of avoiding an expired statute of limitations. As the Pennsylvania Supreme Court has explained: "the mere existence of a contract between two parties does not, *ipso facto*, classify a claim by a contracting party for injury or loss suffered as a result of action of the other party in

---

[3]Scott Etman fits the definition of an incidental beneficiary. "An incidental beneficiary is a beneficiary who is not an intended beneficiary." RESTATEMENT (SECOND) OF CONTRACTS, § 302(2). "An incidental beneficiary acquires no right of action against either party to the agreement." Mowrer v. Poirier & McLane Corp., 382 Pa. 2,7 (1955).

8

performing the contract as one for breach of contract." Bruno v. Erie Ins. Co., 630 Pa. 79, 114 (Pa. 2014). The gist-of-the-action doctrine serves "to maintain the conceptual distinction between breach of contract claims and tort claims." eToll, Inc. v. Elias/Savion Adver., 811 A.2d 10, 14 (Pa. Super. 2002). While tort and contract claims "'derive from a common origin, distinct differences . . . have developed at common law.'" Id. (quoting Bash v. Bell Tel. Co., 601 A.2d 825, 829 (Pa. Super. 1992)). "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." Id. (internal citations omitted). Contract claims exist when "'the parties' obligations are defined by the terms of the contracts'" and do not rely on "'the larger social policies embodied by the law of torts.'" Id. (quoting Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001)).[4]

Courts applying Pennsylvania law have found that the gist-of-the-action doctrine can be used to bar an action brought as a breach-of-contract claim that "sounds in tort."

---

[4] Pennsylvania's Commonwealth Court has explained the difference this way:

> this Court employs a "misfeasance/nonfeasance" test for determining whether an action sounds in tort or in contract. "If there is 'misfeasance,' there is an improper performance of the contract in the course of which breathes a duty imposed by law as a matter of social policy. In such instances, the 'gist' of the plaintiff's action sounds in tort and the contract itself is collateral to the cause of action." "On the other hand, if there is 'nonfeasance,' the wrong attributed to the defendant is solely a breach of the defendant's duty to perform under the terms of the contract. In such instances, the 'gist' of the plaintiff's action sounds in contract, and the plaintiff would not have a cause of action but for the contract."

Harleysville Homestead, Inc. v. Lower Salford Twp. Auth., 980 A.2d 749, 753 (Pa. Cmmwlth. 2009) (quoting Meyer v. Community College of Beaver County, 965 A.2d 406 (Pa. Cmmwlth. 2009)).

9

Seidner v. Finkleman, 2016 Phila. Ct. Com. Pl. LEXIS 378 at *36 (Oct. 4, 2016). Under those circumstances, courts apply the torts statute of limitations rather than the contract one. Id. In New York Cent. Mut. Ins. Co. v. Edelstein, 637 Fed.Appx. 70 (3d Cir. 2016), for instance, the Third Circuit Court of Appeals found that a malpractice claim against a lawyer was founded in a social duty rather than a contractual promise and therefore constituted a tort rather than a contract claim. Id. at 74. As a result, plaintiff's claim was "untimely because the action was filed outside of the two-year" torts statute of limitations in Pennsylvania. Id.

This case is like Edelstein, and Plaintiffs' claim sounds in tort. In Pennsylvania, negligence requires a showing of "a duty, breach of that duty, a causal relationship between the breach and the resulting injury and actual loss." Campo v. St. Luke's Hosp., 755 A.2d 20, 24 (Pa. Super. 2000). Plaintiffs' Complaint describes Scott Etman's injuries as resulting from a fall while rock climbing "without any fault, carelessness or negligence attributable to his actions, either in whole or in part." Complt. at ¶ 12. The Complaint further alleges that Defendant "assumed all duty of care for, and claims owed to, Plaintiff, Scott D. Etman, otherwise attributable to the actions and/or admissions of the recreational facility owner/operator or any other third parties." Id. at ¶ 15. Plaintiffs allege that "[a]s a contractual result of the duty of care responsibilities assumed by" Defendant, "all duty of care claims made by Plaintiff, Scott D. Etman, upon his injuries and damages described herein, are directly recoverable against Defendant[.]" Id. at ¶ 17. These allegations are unrelated to any breach of an obligation under a contract, but instead point to breaches of a general obligations to observe a duty of care to members of the general public like Etman. Defendant–and really, the unnamed operators of the facility–breached the general social

policy that requires operators of potentially dangerous facilities to take due care in protecting those who use them. Plaintiff's claim sounds in negligence, not contract.

The damages Plaintiffs seek underscore that this claim is not a contract claim. "The purpose of damages in a breach of contract case is to return the parties to the position they would have been in but for the breach." Pittsburgh Const. Co. v. Griffith, 834 A.2d 572, 580 (Pa. Super. 2003). Tort damages, on the other hand, "[attempt] to put an injured person in a position as nearly as possible equivalent to his position prior to to the tort." REST. 2D OF TORTS § 901, Comment a. Plaintiffs describe Scott Etman's damages as "severe attendant physical manifestations and limitations[.]" Id. at ¶ 14. He "is prevented and will continue to be prevented from performing his normal daily activities, routines and obtaining the full enjoyment of life, has sustained and will continue to sustain loss of earning capacity, and has incurred and will continue to incur expenses for medical treatment, therapy and incur future expenses for medical interventions." Id. Plaintiffs seek damages of $500,000 on the contract claim. Such damages do not seek to restore Etman to the place he would have been in but for the breach of a contract, but instead seek to put him in the place he was prior to his injuries. Plaintiffs' claim is a tort claim under the gist-of-the-action doctrine. The statute of limitations has run in both New York and Pennsylvania on any tort claims in this case, and the motion to dismiss will be granted with prejudice.

### C.    Loss of Consortium

Plaintiffs bring a loss of consortium claim on behalf of Ptarmigan Etman, Scott Etman's spouse. "Pennsylvania courts have long held that an action for loss of consortium is derivative." Scattaregia v. Shin Shen Wu, 495 A.2d 552, 553 (Pa. Super. 1985). Since "a loss of consortium action has been viewed as derivative its success . . . has always been

dependent upon the injured spouse's right to recover." Id. at 554.  As Scott Etman has no right to recover in this case, his spouse does not either.  The second cause of action will also be dismissed with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss, dkt. # 8, is hereby GRANTED and the action is dismissed with prejudice.  The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED**.

Dated: February 22, 2018

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

12